**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| CRAIG KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00148-RHH |
| | ) | |
| CENTER FOR BEHAVIORAL MEDICINE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on review of the amended complaint filed by self-represented Plaintiff Craig King, a resident at the Center for Behavioral Medicine in Kansas City, Missouri. Plaintiff has filed his case in the wrong venue, and it will be dismissed pursuant to 28 U.S.C. § 1406(a).

Plaintiff brings his amended complaint against Defendant Center for Behavioral Medicine on the Court form for a Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983. He has not completed the majority of the complaint form, however, and writes nothing under the sections requiring a "Statement of Claim," "Injuries," or "Relief." Doc. 6 at 3-5. He resides at the Defendant's location in Kansas City, Missouri and his sole Defendant is located in Kansas City, Missouri. Kansas City, Missouri is located in Jackson County, which is in the Western District of Missouri. *See* 28 U.S.C. § 105(b)(1).

Under 28 U.S.C. § 1391(b), an action of this type may be brought only in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Because Defendant resides in the Western District of Missouri, venue is proper there. Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Here, the Court concludes that it is not in the interest of justice to transfer this action. Plaintiff has not completed the Court's form for his amended complaint, and he has not stated any claims. Plaintiff responds, "[B]reaking a HIPAA law," when asked if he exhausted his administrative remedies, but this assertion is a legal conclusion. He asserts nothing in his statement of facts. Doc. 6 at 6. Because Plaintiff has not alleged any facts or asserted any plausible legal claims in his

amended complaint, he fails to state a claim upon which relief may be granted. For this reason, under 28 U.S.C. § 1406(a), the Court dismisses this action.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis is **DENIED** as moot. (Doc. 5)

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 25th day of September, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE